Taliaeerro, j.
This is an action brought by the plaintiff, in his capacity of administrator, to compel payment by the defendants of two promissory notes, each for the sum of $566 66, with interest, executed by them for the payment of the price of a negro woman, a slave belonging at the time of sale, in 1859, to the succession of A. Martin, deceased. The defence is, that at the time of the sale, and for more than one year previous, the woman was afflicted with an incurable disease of which she died not long after-the sale. - That the purchaser, Kelly, was ignorant of the existence of the malady at the time he purchased; that he incurred expense in procuring medical attention for the woman, from which she derived no benefit. The defendants prayed judgment releasing them from their obligation,- and for judgment over against the administrator for the expense incurred, etc. There were three trials of the case in the Court below, and each trial before a jury. On one of these trials, the jury disagreed; in the other two, verdicts were rendered for the defendants who, obtaining judgment of release, the plaintiff appealed. The evidence shows that for, several years previous to the sale, the slave was unhealthy. Ofie witness testified that she was afflicted two or throe years before the sale. That she was unable to labor regularly, and was frequently laid up on account of sickness. That she boro no children, and that he inferred from that fact that her unhealthinoss arose. He stated that the woman had been in the possession of the plaintiff during the year previous to the sale. Several witnesses, and among them a physician, testified that the woman was greatly afflicted by; and suffered much from, derangement of the menses. That these afflictions were at monthly intervals. It was shown that the plaintiff said, about two weeks before the sale, in answer to au inquiry on the subject, that the slave was unsound. *445 After tlie sale it appears that the defendant refused to execute notes in conformity with the terms of sale, until he received legal advice that a warranty was implied, as no declaration was made that the slave had defects of any kind. On tho part of the plaintiff, an effort was made to show that the woman died from the effects of poison, and not of the sickness alleged by the defendants. In this effort, we think the plaintiff clearly failed. The physician who was called in during the last illness, testified that the woman died of convulsions, the cause of which he was unable to determine. He made a post-mortem examination, but had not the tests necessary to detect the presence of poison. When he first saw tho patient at the time of her last illness, he thought the symptoms .indicated spasmodic cholic. He was not positive she died of poison; had.his doubts. He did not examine the coats of the stomach to ascertain whether they were affected. He found the liver diseased. After a careful examination of all the evidence, we come to the conclusion that the judgment of the lower Court was correctly rendered. It seems that there is no doubt that the slave had been continuously afflicted, at intervals of from three to four weeks, for two or three years previous to the sale, with a serious infirmity incident to females, and of which she finally died a short time after she was purchased by one of the defendants. There seems no reasonable doubt that the disease with which she was afflicted was incurable.
It is therefore ordered, adjudged and decreed that the judgment of the District Court, be affirmed with costs in both Courts.